IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARNEY F. ELLIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:03-CV-1510-JOF |
| CHAIRMAN MILTON (BUDDY) : | |
| NIX, JR., et al., : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter is before the court on Defendants' motion for summary judgment [55].

**I.     Background**

    **A.     Procedural History**

On May 27, 2003, Plaintiff, Barney F. Ellis, filled suit under 28 U.S.C. § 1983 claiming that Defendants, members of the Georgia Board of Pardons and Parole, violated his due process right, his equal protection rights, and the Ex Post Facto Clause of the Constitution by increasing the term of his punishment. On February 19, 2004, Plaintiff's complaint was dismissed as frivolous. On January 6, 2005, the Eleventh Circuit ruled on this dismissal, affirming in part and vacating it in part. The court stated that, while it was proper to dismiss Plaintiff's due process and Ex Post Facto claims, Plaintiff's equal protection claim should not

be dismissed. The claim was remanded for further proceedings. On January 25, 2005, this court entered an order making the Eleventh Circuit opinion the mandate of this court.

After being denied counsel previously, Plaintiff filed a second motion to appoint counsel on July 29, 2005. On October 25, 2005, Defendants filed a motion for summary judgment. On February 1, 2006, this court entered an order denying Plaintiff's second motion to appoint counsel. This court received notice that the copy of this order which was sent to Plaintiff was returned as undeliverable, and the envelope had the box labeled "Discharged Wheeler C.F" circled. As of the date of this order, Plaintiff has yet to respond to Defendants' motion for summary judgment.

**B.      Contentions**

In his complaint, Plaintiff contends that white inmates who committed the same or more heinous crimes were released on parole more often than black inmates. Plaintiff contends that this action amounts to an equal protection violation. Defendants move for summary judgment contending that Plaintiff's equal protection claim is not viable. Further, Defendants claim that Plaintiff's monetary claims against Defendants in their official capacity is barred as Defendants are entitled to Eleventh Amendment immunity. Defendants aver that Plaintiff's monetary claims against Defendants in their individual capacity are barred by qualified immunity. Finally, Defendants contend that they, as parole board members, are entitled to absolute quasi-judicial immunity from suit from damages.

**II.     Discussion**

2

### A.     Initial Matters

As an initial matter, the court must address the fact that it is unsure of the current location of the Plaintiff. On February 21, 2006, the court was informed that its order denying Plaintiff's second motion to appoint counsel was returned as undeliverable. The order was refused by Wheeler C.F. with the box labeled "Discharged Wheeler C.F" circled. Pursuant to Local Rule 83.1(D), "parties appearing pro se shall have, in all cases, an affirmative duty to notify the clerk's office by letter of any change in address and/or telephone number. A failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default." While the court could dismiss Plaintiff's complaint for failure to notify the clerk's office of a change of address, the court will not do so, opting rather to address Defendants' motion for summary judgment.

### B.     Summary Judgment

Defendants contend that Plaintiff has not offered sufficient evidence to survive a motion for summary judgment. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest[.]" *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotations omitted). The parole board's decision to grant or deny parole is "based on may factors such as criminal history, nature of the offense, disciplinary record, employment and educational

3

history." *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1998). The Eleventh Circuit, in remanding this case back to this court, stated that Plaintiff "arguably stated a claim upon which relief could be granted if he can, in fact, show that he was similarly situated considering all of these factors." Plaintiff has offered no evidence that he was similarly situated, considering all of these factors, to any other prisoners who received more favorable treatment.

Further, with regard to the second element, Plaintiff has failed to provide any evidence that the decision makers on the parole board acted with a discriminatory motive. Defendants have provided an affidavit of a member of the parole board who testifies that a member of Plaintiff's race was on every board which denied him parole.[1] Nonetheless, "an unexplained showing of disparate racial treatment over a period of time could raise the inference of an equal protection violation." *Fuller*, 279 F.2d at 1310 (citing *McCleskey v. Kemp*, 481 U.S. 279, 295 n. 15 (19887)). The *Fuller* court noted that such a showing needed to provide "exceptionally clear proof of discrimination." *Id*. Here, Plaintiff has offered no statistical showing of disparate racial treatment let alone a showing which would provide exceptionally clear proof of discrimination necessary to survive a motion for summary judgment.

---

[1] Plaintiff cannot rest on the allegations made in his complaint. See Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.").

AO 72A
(Rev.8/82)

Plaintiff has not provided sufficient evidence of an equal protection violation in order to thwart Defendants' motion for summary judgment. Therefore, the court GRANTS Defendants' motion for summary judgment.

### III.   Conclusion

The court GRANTS Defendants' motion for summary judgment [55].

**IT IS SO ORDERED** this 12th day of July 2006.

   s/ J. Owen Forrester   
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE
